67 So.2d 153

OPINION OF THE JUSTICES.

No. 132.

Supreme Court of Alabama.

Sept. 1, 1953.

To the Senate of Alabama
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of Senate Resolution No. 50, adopted by the Senate of Alabama on August 11, 1953, which is as follows:

"Be It resolved by the Senate of Alabama, That the Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give this body their written opinions on the following important constitutional question which has arisen in connection with H.B. 839, a measure now pending in the Legislature proposing to abolish the Court of Common Pleas of Elmore County, a court of record having a division at Wetumpka and a division at Tallassee, and to establish in lieu thereof the Elmore County Court, a court of record to have the same two divisions, such proposal not having been first submitted to a vote of the qualified electors of Elmore County:

"Is the enactment of H.B. 839 prohibited by the provisions of Amendment LXXXI, which became a part of the Constitution of Alabama November 20, 1950 (Proclamation Record, Volume H, p. 107)?"

We are of the opinion that the provisions of H.B. 839 are not in conflict with the constitutional amendment to which you refer, for the reasons hereinafter stated.

The constitutional amendment to which you have made reference reads as follows:

"After the ratification of this amendment, the legislature shall not establish any branch courthouse or any division or branch of any court of record to be held at any place other than

the county seat, nor shall the legislature abolish any branch courthouse now existing or abolish any division or branch of any court of record now existing, unless such proposal be first submitted to a vote of the qualified electors of the county or counties to be affected and is approved by a majority of those voting upon such proposition."

At the time the provisions last quoted above became a part of the organic law of the state (November 20, 1950) there was in existence in Elmore County a court of record known as the "Court of Common Pleas of Elmore County", established by Act No. 90, H. 374, approved June 2, 1943, Local Acts 1943, p. 47, which court had two divisions, one known as the Wetumpka division and the other as the Tallassee division. The act creating the said "Court of Common Pleas of Elmore County" named the precincts of the county which comprise the two divisions of the court and provides in § 9 thereof as follows:

"* * * Provided, further, that as to all civil and criminal actions of which the said court shall have jurisdiction, the venue of the act shall be determined as if the two divisions of the county hereinabove provided for, each constituted a separate county, except that after any actions instituted in either division of the court, the Judge of the court shall have the power and authority to order the transfer or removal of any such action to the other division of the court for trial * * *."

The divisions of Elmore County thus provided for by the 1943 act are exactly the same as were established by Act No. 90, H. 387, approved May 29, 1935, Local Acts 1935, p. 24, which act created "The Inferior Court of Elmore County", not a court of record. The 1943 local act, supra, establishing the "Court of Common Pleas of Elmore County", and making that court a court of record abolished "the Inferior Court of Elmore County", created by the 1935 local act, supra.

Thus it appears that Elmore County had been divided into two territorial divisions

insofar as inferior courts are concerned for approximately fifteen years prior to the adoption of the constitutional amendment with which we are presently concerned and, for a period of approximately seven years, the court with the two divisions has been a court of record.

H.B. 839 proposes to abolish a court of record, viz. the "Court of Common Pleas of Elmore County", which court as shown above, was created by the 1943 local act, supra. We are clear to the conclusion that if H.B. 839 had for its sole objective the abolition of the court established by the 1943 local act, supra, that an approval of the majority of the qualified electors of Elmore County would not be required. The provisions of the said constitutional amendment prohibiting the legislature from abolishing courts of record are directed to action abolishing a division or branch of a court of record and does not prohibit the abolition of such a court in its entirety merely because it has more than one division or branch.

However, H.B. 839 proposes to create and establish a court of record for Elmore County to be called the "Elmore County Court" with two divisions, one to be called the Wetumpka division and the other the Tallassee division. Each of these divisions are to include the identical territory as the divisions created by the 1935 and 1943 local acts, supra.

In our opinion the objective of the constitutional amendment here involved was to maintain the status quo in regard to the location of courthouses and the existing divisions or branches of courts of record within a county unless a majority of the qualified electors of the county first indicate their desire for a change.

While H.B. 839 proposes to abolish one court of record and to create another with increased jurisdiction as to subject matter and with two divisions, nevertheless the divisions provided for therein are exactly the same as those which had been in existence for many years prior to the time the constitutional amendment here involved became a part of the organic law of this state.

524

... We are of the opinion, therefore, that the constitutional amendment to which you refer in your resolution does not affect the right of the legislature to enact H.B. 839.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

DAVIS F. STAKELY

JOHN L. GOODWYN

PELHAM J. MERRILL
Associate Justices